**24**

Russell R. BRUNGARD, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.

Civ. No. 84–1180.

United States District Court,
M.D. Pennsylvania.

Dec. 26, 1985.

Larry E. Coploff, Lock Haven, Pa., for plaintiff.

Robert J. Nolan, Asst. U.S. Atty., Scranton, Pa., for defendant.

MEMORANDUM AND ORDER

CONABOY, District Judge.

We have received a Magistrate's Report in the above-captioned matter. This Report includes a recommendation as to the proper disposition of this case. Neither party has excepted to the Magistrate's assessment and the time allotted for doing so has run. We have considered the Magistrate's Report and the case file in reaching our decision herein.

Both parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. While there is no dispute about any material fact, our review of the record has convinced this Court that it would be inappropriate to grant summary judgment to either party at this time. We agree with the Magistrate's opinion that it is as yet impossible to determine if the Secretary's decision to deny social security disability benefits to this claimant was supported by the requisite substantial evidence. Thus, as per the Magistrate's recommendation, we shall remand this case to the Secretary for further consideration.

As has been intimated, this is an appeal from a decision[1] of the Secretary of the Health and Human Services to deny benefits to Plaintiff Brungard. This appeal is brought under authority of 42 U.S.C. § 405(g). The scope of our review of a decision of the Secretary under § 405(g) is less than plenary. We must affirm any such decision which is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence has been defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but somewhat less than a preponderance. *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d

---

1. This decision may be gleaned from a decision of an administrative law judge and the subsequent affirmance thereof by the Appeals Council on July 20, 1984.

Cir.1979). Moreover, the burden of proving a disability rests with the Plaintiff who must prove that he is afflicted by a medically determinable impairment which is of sufficient severity so as to preclude the performance of any substantial gainful activity. *Torres v. Schweiker*, 682 F.2d 109 (3d Cir.1982). Substantial gainful activity means work which exists to a significant degree in the national economy. *Torres v. Schweiker, supra*; see also 42 U.S.C. § 1382(a)(3)(B).

The record in this case discloses that Plaintiff is 55 years old with a 9th grade education and that his most extensive and most recent work history is as a used car reconditioner—work which is strenuous enough to be classified as medium work activity. It is beyond dispute that Plaintiff suffers from chronic and constant obstructive pulmonary disease which impairs Plaintiff's ability to perform strenuous work despite his somewhat positive response to bronchodilators.[2] One of Plaintiff's *treating* physicians, Dr. Barry Bender, has expressed the opinion that the aforementioned obstructive lung disease is so complicated by congestive heart dysfunction and hypertension that he considers Plaintiff to be totally and permanently disabled.

The ALJ discounted Dr. Bender's diagnosis of congestive heart disorder by noting that the record contained "... no objective support for the doctor's evaluation."[3] Similarly underplayed was Dr. Spinney's evaluation due to the ALJ's perception that it "... is entitled to little weight. It is totally inconsistent with the readings on the pulmonary function tests."[4]

We are very leery of sanctioning any decision where—as here—an ALJ determines that a physician has drawn an inappropriate conclusion from a diagnostic test. As the Magistrate has aptly stated:[5]

... while an administrative law judge is free to resolve issues of credibility or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician, but rather must point to contrary medical evidence. *Ferguson v. Schweiker*, 765 F.2d 31 at 37 (3d Cir.1985).

Moreover, as the Magistrate has noted, the evidence of record seems to demonstrate that, given Plaintiff's physical limitations and environmental restrictions,[6] he is now incapable of performing his past relevant work activities. Thus, the Secretary must reach the 5th step of the sequential evaluative process set out in the Secretary's own regulations. See 20 C.F.R. § 404.1520. The services of a vocational expert must be enlisted to determine whether significant work exists in the national economy which a man with Plaintiff's limitations can be expected to perform.

Consistent with the foregoing rationale, we adopt the Magistrate's Report as our own opinion in this matter and issue the following.

---

**2.** This conclusion is supported by pulmonary function studies and arterial blood gas testing which Plaintiff was subjected to by Drs. Spinney and Bender. See Transcript at 104–06.

**3.** See Transcript at page 20.

**4.** *Id.*

**5.** See Docket Item 13 at page 8.

**6.** We take judicial notice of the fact that working in a bay where an automobile is being reconditioned is not calculated to promote the health of someone with respiratory impairment. See Exhibit 20 to the Hearing Transcript.